**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4047

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RODNEY LAMONT EVANS, a/k/a Woo,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Terrence W. Boyle, District Judge.  (2:23-cr-00023-BO-RN-1)

Submitted:  May 20, 2026                                          Decided:  June 23, 2026

Before NIEMEYER and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, David A. Bragdon, Assistant United States Attorney, Lori B. Warlick, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal from the Eastern District of North Carolina, defendant Rodney Lamont Evans — who pleaded guilty in September of 2024, pursuant to Federal Rule of Criminal Procedure 11(a),[*] to one count of possession with intent to distribute marijuana, cocaine, and cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, in contravention of 18 U.S.C. § 924(c) — challenges an adverse ruling of the district court that denied his January of 2024 motion to suppress evidence that was seized at his home following the issuance of a search warrant by a Hertford County magistrate judge. *See United States v. Evans*, No. 2:23-cr-00023 (E.D.N.C. Apr. 22, 2024), ECF No. 37 (the "Suppression Ruling"). The evidence Evans unsuccessfully sought to suppress included approximately 1,750 grams of marijuana, about 365 grams of powder cocaine, and approximately 7 grams of crack cocaine, along with various other drug paraphernalia and a .45 caliber pistol.

On appeal, Evans challenges the Suppression Ruling and maintains — as he did in the underlying district court proceedings — that the warrant obtained to search his home was fatally flawed because "the . . . warrant application and oral statements to the magistrate [judge] didn't establish probable cause." *See* Br. of Appellant 26. Evans further argues that the Suppression Ruling's reliance on the "good-faith exception" — as

---

[*] Rule 11(a) of the Federal Rules of Criminal Procedure provides, *in haec verba*, as follows: "With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea." *See* Fed. R. Crim. P. 11(a).

2

articulated by the Supreme Court in *United States v. Leon*, 468 U.S. 897 (1984) — was erroneous because the "affidavit and alleged statements to the magistrate [judge] were so lacking in the indicia of probable cause that any official belief in the existence of probable cause was objectively unreasonable." *Id.* at 47. For its part, the government does not concede that the search warrant of Evans' home lacked the requisite probable cause, but rather maintains that "regardless of probable cause, the district court properly found suppression is unwarranted under the good-faith exception." *See* Br. of Appellee 12.

As background, the "good-faith exception" from the Supreme Court's seminal 1984 decision in *United States v. Leon* is an exception from the general exclusionary rule that "evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search." *See United States v. Kimble*, 855 F.3d 604, 610 (4th Cir. 2017). That is, even where the Fourth Amendment has been violated, the good-faith exception applies — and thereby allows for wrongly obtained evidence to be used in criminal proceedings — unless the affidavit used to secure the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *See Leon*, 468 U.S. at 923. Relevant here, when the government maintains that the good-faith exception applies, we possess the discretion to start — and ultimately end — our appellate review with the good-faith exception to the exclusionary rule. *See, e.g.*, *United States v. Thomas*, 908 F.3d 68, 72 n.1 (4th Cir. 2018). In analyzing the applicability thereof, "we review the district court's legal conclusions de novo and its factual findings for clear error, assessing the evidence in the light most favorable to the prevailing party." *See United States v. Ray*, 141 F.4th 129, 133-34 (4th Cir. 2025).

In these circumstances, having carefully assessed the record on appeal — as well as the various appellate submissions of the parties — we discern no reversable error.  Rather, we are readily of opinion that the Suppression Ruling both properly applied the good-faith exception of the exclusionary rule, as articulated by the Supreme Court in *Leon*, and ably explained why the alleged "omissions" to the affidavit identified by Evans are insufficient to overcome the good-faith exception.  Put most simply, we agree with the trial judge's sound determination that the "affidavit and contemporaneous statements rendered reliance on the issuing warrant objectively reasonable."  *See* Suppression Ruling 13.

* * *

Pursuant to the foregoing, we are satisfied to reject each of Evans' appellate contentions and affirm the Suppression Ruling.  Furthermore, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court, and because an argument would not aid the decisional process.

*AFFIRMED*

4